UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JEHAN SEMPER,                              )
)  Case No. C04-2240L
              Plaintiff,        )
    v.                                         )
)  ORDER GRANTING IN PART
JBC LEGAL GROUP, *et al.*,          )  MOTION TO STRIKE AFFIRMATIVE
)  DEFENSES
              Defendants.   )
_____)

      This matter comes before the Court on "Plaintiff's Motion to Strike Defenses of Defendants." Having reviewed the memoranda and exhibits filed by the parties, the Court finds as follows:

      (1) Plaintiff's motion to strike is untimely. Pursuant to Fed. R. Civ. P. 12(f), a motion to strike an affirmative defense must be filed within 20 days after service of the answer. Service in this case occurred in December 2004, but plaintiff did not file her motion to strike until March 2005. Nevertheless, the Court will consider plaintiff's arguments on its own initiative because (a) many of plaintiff's arguments reflect a fundamental misunderstanding of the role of affirmative defenses and (b) one of the defenses should be stricken as inconsistent with the Court's case management order.

      (2) An affirmative defense generally involves the assertion of a fact or legal theory that, while not part of plaintiff's underlying claim, would, if proven, avoid or reduce the liabilities

ORDER GRANTING IN PART MOTION
TO STRIKE AFFIRMATIVE DEFENSES

asserted in the complaint.  Affirmative defenses can bar recovery altogether or simply limit the amount of recovery available.  Thus, defendants may present defenses aimed at the amount of damages plaintiff may recover, even if liability is uncontested.

(3) Pursuant to Fed. R. Civ. P. 8(b), "[a] party shall state in short and plain terms the party's defenses to each claim asserted . . . ."  There is no requirement that defendant allege facts sufficient to support the defenses, as is the case when setting forth a claim under Fed. R. Civ. P. 8(a).  Defendants' conclusory assertions of contributory negligence, third-party liability, bad faith, etc. put plaintiff on notice of the defenses defendants intend to pursue.  When coupled with the liberal discovery opportunities available to plaintiff, these disclosures are sufficient to avoid any surprise at trial.

(4) The deadline for amending the pleadings in this matter was April 6, 2005.  See Minute Order Setting Trial Date & Related Dates (filed 2/17/05).  Only plaintiff filed a timely motion to amend her pleading[1] and defendants' "reservation of rights" does not override or otherwise extend the Court's case management deadlines.  This "defense" is, therefore, ineffective and will be stricken.  If discovery reveals the existence of an unpled defense, defendants will have to satisfy the requirements of Fed. R. Civ. P. 15 and overcome any presumption of prejudice that may arise now that the April 6, 2005, deadline has passed.

For all of the foregoing reasons, plaintiff's motion to strike is GRANTED as to defendants' attempted reservation of the right to plead additional defenses and DENIED as to defendants' other four affirmative defenses.

---

[1] On April 11, 2005, defendants filed a document entitled "JBC's Response to Plaintiff's Motion to Compel Discovery, Impose Sanctions Against Defendant and Extension of Time to File Amended Pleadings."  Despite its title, neither the document nor the proposed order supplied by defendants discusses or seeks relief from the April 6th amended pleading deadline.

ORDER GRANTING IN PART MOTION
TO STRIKE AFFIRMATIVE DEFENSES            -2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

   DATED this 18th day of April, 2005.


                                    /s/ Robert S. Lasnik
                                    Robert S. Lasnik
                                    United States District Judge

ORDER GRANTING IN PART MOTION
TO STRIKE AFFIRMATIVE DEFENSES           -3-