1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JEHAN SEMPER,                        )
                                     )   Case No. C04-2240L
              Plaintiff,             )
       v.                            )
                                     )   ORDER DENYING MOTION TO
JBC LEGAL GROUP, *et al.*,           )   COMPEL DISCOVERY
                                     )
              Defendants.            )
_____)

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery, Impose Sanctions Against Defendant and Extension of Time to File Amended Pleadings." Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Plaintiff did not make a good faith effort to confer with defendants regarding this discovery dispute before bringing the matter before the Court, as required by Fed. R. Civ. P. 37(a)(2)(A) and as defined in Local Civil Rule 37(a)(2)(A). An exchange of voice mail messages, much less a one-way communication on the day the motion was filed, is insufficient under the local rules. The meet and confer requirements of Rule 37(a)(2)(A) are imposed for the benefit of both the Court and the parties: they are intended to ensure that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding the

ORDER DENYING MOTION TO
COMPEL DISCOVERY

particular deficiencies plaintiff perceived in defendants' production and defendants' willingness to provide further documents if appropriate. The evidence submitted by plaintiff shows that she allowed defendant less than one day to return her phone calls and that no meaningful discussion of the issues took place. Plaintiff's motion to compel discovery and for sanctions is therefore DENIED.

(2) Plaintiff apparently received the requested discovery shortly after filing her motion to compel and was able to file a timely motion to amend the complaint. Her request for an extension of time in which to file such a motion is therefore DENIED as moot.

(3) In the hopes of avoiding disputes in the future, the Court notes that:

(a) It is very difficult to evaluate competing claims regarding whether a party's discovery response satisfies procedural requirements and/or is adequate without reviewing copies of the requests and responses. Neither party provided the Court with copies of the relevant documents in this case: had the Court been inclined to consider plaintiff's motion on its merits, it would have been virtually impossible to determine whether defendants' responses were "under oath," timely served, and/or adequate.

(b) Pursuant to Fed. R. Civ. P. 5(b)(2)(B), service by mail is complete upon mailing. Thus, defendants were served with plaintiff's discovery requests on February 21, 2005, and their responses were due (*i.e.*, should have been placed in the mail) on March 23, 2005.

(c) As discussed above, the parties are required to engage in a meaningful discussion regarding any perceived deficiencies in production before filing a motion to compel. The nature and extent of the discussions shall be stated specifically in the certification required by Fed. R. Civ. P. 37 (a)(2)(A). Actual communication between the parties is required to establish the necessary good faith effort to confer: leaving or exchanging voice mails, e-mails, or letters is not sufficient.

(d) The record currently before the Court does not indicate bad faith or dilatory

ORDER DENYING MOTION TO
COMPEL DISCOVERY                         -2-

tactics on the part of defendants. Although defendants must make more of an effort to meet the deadlines set forth in the rules of civil procedure, delays of one or two days are not uncommon in litigation and, in the absence of prejudice or a showing of bad faith, do not merit the sort of sanctions plaintiff has sought in this case (namely, the entry of a default and/or an award of monetary sanctions). Hopefully more frequent and meaningful communication between the parties will convince plaintiff that defendants' conduct is the result of inadvertence rather than malicious intent.

For all of the foregoing reasons, plaintiff's motion to compel and for sanctions is DENIED.

DATED this 26th day of April, 2005.

*(signature)*
Robert S. Lasnik
United States District Judge