UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
JEHAN SEMPER,                       )
                                    )   Case No. C04-2240L
            Plaintiff,              )
    v.                              )
                                    )   ORDER GRANTING PLAINTIFF'S
JBC LEGAL GROUP, *et al.*,          )   MOTION FOR RECONSIDERATION
                                    )   AND ORDERING DEFENDANTS'
            Defendants.             )    TO SHOW CAUSE
_____)

This matter comes before the Court on "Plaintiff's Motion for Reconsideration Re: Order Granting in Part Cross-Motions for Dispositive Relief." Dkt. # 92. Although plaintiff's motion was filed two days late, plaintiff, who is proceeding *pro se*, is entitled to some leniency on procedural matters.[1] More importantly, the delay was caused, at least in part, by defendants' discovery failures and plaintiff will not be required to go to trial on a claim about which there is no issue of material fact. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Defendants no longer deny that they received a communication from a credit reporting

---

[1] Defendants' calculation of time is incorrect: pursuant to Fed. R. Civ. P. 6(a), when calculating periods of less than eleven days, the intervening weekends are not counted. In addition, Local Civil Rule 7(h), not Fed. R. Civ. P. 59(e), provides the procedures and standards that govern plaintiff's motion for reconsideration.

ORDER GRANTING PLAINTIFFS' MOTION
FOR RECONSIDERATION AND ORDERING
DEFENDANTS' TO SHOW CAUSE

agency with regard to the completeness and accuracy of the information provided by defendants. That notice triggered a duty to conduct a reasonable investigation and to correct any misinformation. In the context of the summary judgment motion, the Court already determined that the investigation defendants conducted in this case did not satisfy the standards of § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Therefore, plaintiff is entitled to summary judgment on her § 1681s-2(b) claim.

(2) Having prevailed on her § 1681s-2(b) claim, plaintiff is entitled to seek an award of punitive damages at trial.

(3) Defendants have not provided any justification or explanation for their failure to produce the Equifax communication during discovery. Defendants assert that they made "diligent inquiry with the appropriate staff" before responding to plaintiff's various discovery requests and providing false affidavits to the Court, but the magnitude of this failure requires an explanation of defendants' mail and document retention procedures as well as a detailed statement regarding the investigation defendants performed in the course of this litigation. Defendants are hereby ORDERED TO SHOW CAUSE why they should not be sanctioned for their failure to disclose information required under the rules of discovery. Such sanctions may include one or more of the actions authorized under Fed. R. Civ. P. 37(c).

(4) Plaintiff has established that, in at least two respects, defendants' "Fact Sheet" is materially incorrect. Defendants have made no effort to establish how and when this supposed "record" of plaintiff's account was created or why the communication from Equifax, which was of vital importance to plaintiff's § 1681s-2(b) claim, was omitted. Defendants will not be permitted to present or use the "Fact Sheet" at trial unless and until they establish, through competent and admissible evidence, that the record is both authentic and falls within an exception to the hearsay rule.

ORDER GRANTING PLAINTIFFS' MOTION
FOR RECONSIDERATION AND ORDERING
DEFENDANTS' TO SHOW CAUSE            -2-

For all of the foregoing reasons, plaintiff's motion for reconsideration is GRANTED and defendants shall show cause why they should not be sanctioned for discovery abuses within ten days of the date of this Order.

DATED this 6th day of October, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik,
United States District Judge